The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARK A. DUPAL AND RENEE L. DUPAL, | ) | CASE NO. 10-62362 |
| | ) | ADV. NO. 10-6124 |
| Debtors. | ) | |
| | ) | JUDGE RUSS KENDIG |
| ANNE PIERO SILAGY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| RENEE L. DUPAL, | ) | **PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

The chapter 7 trustee, Anne Piero Silagy ("Trustee") moves for summary judgment on her 11 U.S.C. 727(a)(4)(A) claim against joint debtor Renee L. Dupal ("Debtor"). Trustee contends that Mrs. Dupal failed to disclose the existence of a personal injury claim and should be denied a discharge. Debtor opposes Trustee's motion.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

On May 14, 2010, Debtor filed a personal lawsuit against Connie J. Butterfield in the Stark County Court of Common Pleas. She sought $25,000 in damages resulting from an automobile accident on July 26, 2008.

Two weeks later, on May 28, 2010, Debtor and her husband filed a joint chapter 7 bankruptcy case. Debtor did not disclose any personal injury claims on Schedule B nor did she reference any personal injury suits under question four on the Statement of Financial Affairs. She specifically and directly denied the existence of any personal injury actions at the 341 meeting of creditors held on July 27, 2010.

On July 30, 2010, Debtor amended her schedules to add the personal injury claim as an asset in her case. Although she listed an exemption under O.R.C. § 2329.66(A)(12)(c) on Schedule C, she valued the exemption at $0. As a result, none of the recovery is exempt. She also listed the lawsuit on the Statement of Financial Affairs.

Trustee's interim report, dated October 27, 2010, values the claim at $5,000. In her response to the motion for summary judgment, Debtor indicates the action settled, postpetition, for $4,000 and $2,200 will be paid to the estate.

## LAW

Flagrantly lying under oath to a bankruptcy trustee is not conveniently excused. Yet Debtor asks the court to do that very thing. The court declines.

Trustee seeks summary judgment on her claim to deny Debtor's discharge under 11 U.S.C. § 727(a)(4)(A). Under this provision, a court can deny a discharge when "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To succeed on her claim, Trustee must establish five elements: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." Keeney v. Smith (In re Keeney), 227 F.3d 679, 685 (6th Cir. 2000) at 685 (referencing Beaubouef v. Beaubouef (In re Beaubouef), 966 F.2d 174, 178 (5th Cir. 1992)). The determination of the existence of a false oath by a debtor is a question of fact. Id.

Motions for summary judgment are governed by bankruptcy rule 7056 which incorporates Federal Rule of Civil Procedure 56 into bankruptcy practice. The rule instructs

2

the court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden on a motion for summary judgment, tasked with the obligation of "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once movant meets this initial burden, the burden transfers to non-movant to establish, with specific facts, the existence of a genuine factual issue. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 547, 586-87 (1986). Rule 56(c)(1) outlines how to support factual positions. The court is to review the evidence in the light most favorable to the non-movant, with all reasonable inferences also drawn in favor of the non-movant. Id. at 587.

Trustee satisfied her initial burden. Regarding the first required proof, Debtor omitted the personal injury claim from her schedules, the equivalent of making a statement that no such claims existed. Debtor repeatedly disclaimed any interest in a personal injury action during her 341 testimony. When Debtor was asked whether she had been in a motor vehicle accident or had a claim or lawsuit, "anything you can bring against anyone else for any reason?" Debtor responded "No." (Tr. 12:7-11). When Trustee inquired about her chiropractic care, and whether a claim or lawsuit existed, Debtor responded "I just have a bad neck and deteriorating disc in my neck." (Tr. 13:16-19). When asked again about the existence of any lawsuits, the answer was "Not that I know of." (Tr. 13:22 - 14:1). One last time, Trustee asks "There's no personal injury lawsuit or anything involved in that?" to have Debtor respond "mm-mm." (Tr. 9-11).

The state court complaint proves the falsity of Debtor's statements and clearly establishes the existence of a personal injury claim, thereby establishing the second element. Trustee posits that Debtor had to know the statement was false because the case had been filed a mere two weeks before the bankruptcy was filed. The court accepts this for the third element. Debtor was the plaintiff in a personal injury case filed a mere two weeks prior to her bankruptcy filing. Debtor's knowledge that she was making a false statement by denying the existence of a personal injury lawsuit or claim is inescapable.

For the fourth element, Trustee uses the same vein of circumstantial evidence to demonstrate Debtor made the statements with fraudulent intent or with reckless disregard. See, e.g., In re Colangelo, 414 B.R. 136 (Bankr. E.D. Mich. 2009) (citing Hamo v. Wilson (In re Hamo), 233 B.R. 718, 724 (B.A.P. 6th Cir. 2009); Keeney, 227 F.3d at 686)). No reasonable inference can be drawn in favor of Debtor to defeat Trustee's contention. To do so would defy rationality. Trustee has satisfied the first four elements of her claim to deny discharge.

Debtor denies none of these elements. Although Debtor's response to the summary judgment motion states "Debtor has indicated a misunderstanding of whether or not a claim was pending at the time of filing," (Debtor's Resp. to Mot. Summ. J at 1), Debtor did not

3

supported this factual position in accordance with Rule 56(c)(1). Consequently, she has not established the existence of a genuine issue of material fact. As stated above, Debtor was the plaintiff in a personal injury lawsuit filed two weeks before her bankruptcy. Debtor spurned repeated chances Trustee gave her to disclose the asset. The reasonable inference from the evidence presented is that Debtor was concealing the lawsuit from her bankruptcy trustee.

Debtor contests the fifth element of the section 727(a)(4)(A) claim, arguing that her denial of the personal injury action was not material to the case. To accept Debtor's position, the court would be required to conclude that failing to disclose an asset in the bankruptcy schedules and lying to a trustee under oath are immaterial. Obviously, this is an absurd conclusion.

The case settled for $4,000 and Debtor will receive $2,200, all of which will be paid to Trustee.[1] According to Debtor, this negligible recovery, and the fact it is within the applicable Ohio exemption, renders it insignificant. Debtor misses the point. This is about more than an amount. In order to maintain the integrity of the bankruptcy system, a debtor must fulfill the duties and obligations set forth in the bankruptcy code. Full disclosure allows the trustee and creditors the opportunity to examine and investigate a debtor's financial transactions and pre-bankruptcy dealings to make informed decisions. When debtor is not forthright, the system is denigrated.

Here, the personal injury claim appears to be the only asset of the estate. (Trustee's Interim Report, October 27, 2010). To that extent, it is not insignificant. Trustee may choose not to administer the asset because the nominal benefit to creditors. After payment of Trustee's fees and expenses, including legal fees to her counsel, very little will remain. Debtor's actions clearly drove up the cost of this case, thereby diminishing the creditor recovery. Debtor's failure to disclose the asset was the catalyst for this adversary action and she bears responsibility for the decreased recovery.

Based on the above, the court does not accept Debtor's position that the failure to disclose the personal injury action was not material to this bankruptcy case. Trustee has adequately demonstrated the existence of all of the criteria for a section 727(a)(4)(A) claim. Debtor failed to establish any genuine issues of material fact. As a result, the court will grant Trustee's motion for summary judgment and deny Debtor's discharge.

An order will issue immediately.

    #    #    #

---

[1] Trustee has neither employed special counsel to pursue the claim nor filed a motion to compromise the claim, so the court cannot determine the accuracy of the figures presented by Debtor.

4

**Service List:**

Bruce R. Schrader, II
Michael J. Carey
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

James R. Galehouse
401 W. Tuscarawas St. NW
Suite 400
Canton, OH 44702

Renee L Dupal
816 S Grant Blvd
Minerva, OH 44657

Anne Piero Silagy
220 Market Avenue, South
Suite 300
Canton, OH 44702